**UNITED STATES of America Plaintiffs,**

v.

**Yeazid FARRAJ, Defendant.**

**No. 00 CR. 1200–02(VM).**

United States District Court, S.D. New York.

July 18, 2002.

Statement of the Court, June 14, 2002.

Richard M. Jasper, Jr., Law office of Richard M. Jasper, Jr., New York City, for Said Farraj.

Edward M. Kratt, New York City, for Yeazid Farraj.

Robert R. Strong, Mary Jo White, U.S. Atty, New York City, for U.S.

## ORDER

MARRERO, District Judge.

For the reasons set forth in the "Statement of the Court," attached and incorporated herein, issued on the record at the June 14, 2002 sentencing conference in this matter, it is hereby

**ORDERED** that defendant Yeazid Farraj's motion for a downward departure is denied in its entirety

**SO ORDERED.**

## STATEMENT OF THE COURT

■ When presented with a motion for a downward departure from the agreed, applicable sentencing guideline range, a court must determine whether there are factors that potentially bring a case outside the "heartland" of cases contemplated by the United States Sentencing Guidelines (the "U.S.S.G."). *See Koon v. United States,* 518 U.S. 81, 95–95, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Mr. Farraj here argues that he suffers from an "extraordinary physical impairment" as defined by U.S.S.G. § 5H1.4, and that his actions constitute "aberrant behavior" as defined by U.S.S.G. § 5K2.0. He asserts that these factors, considered individually or in combination as discussed in the commentary to U.S.S.G. § 5K2.0, warrant a downward departure. The Court denies Mr. Farraj's motion.

According to § 5H1.4, and the rule in this Circuit, medical conditions are not ordinarily relevant. As the Second Circuit has instructed, " § 5H1.4 of the sentencing guidelines restricts departures based on physical condition to defendants with an 'extraordinary physical impairment,' such as those which render a defendant 'seriously infirm.'" *United States v. Altman,* 48 F.3d 96, 104 (2d Cir.1995). In that case, the defendant suffered from poor health that required some monitoring; as

such, he was not eligible for a downward departure on the basis of "extraordinary physical impairment." If a defendant does suffer from an "extraordinary physical impairment", a court may depart from the sentencing guidelines where, for example, "home detention may be as efficient as, and less costly than, imprisonment." U.S.S.G. § 5H1.4; *see also U.S. v. Jimenez,* —— F.Supp.3d ——, 2002 WL 252752, at *3 (S.D.N.Y. Feb.21, 2002).

■ Similarly, here, Mr. Farraj suffers from a health condition that requires monitoring every two months and might, in the future, require additional procedures to remove skin cancer. Mr. Farraj's health condition also has affected his ability to walk for long periods of time. This condition is serious enough to require vigilance but, in this Court's opinion, does not render Mr. Farraj "seriously infirm" within the meaning of the sentencing guidelines. Furthermore, the Government has submitted a letter from the federal Bureau of Prisons, in which its Health Services Administrator, Barbara J. Cadogan, opined that, based on her review of Mr. Farraj's motion and supporting documents, the Bureau of Prison's medical resources would be able to provide appropriate care. As such, it appears to the Court that Mr. Farraj's regularly scheduled examinations will not be neglected.

Mr. Farraj argues that home confinement, which would enable close monitoring by his physicians, would be "as efficient, and less costly than, imprisonment." (Letter to the Court dated June 3, 2002, at 4 (citing U.S.S.G. § 5H1.4).) However, because the Court has found that Mr. Farraj's health condition does not constitute an "extraordinary physical impairment" the Court need not address the economics of incarceration. Accordingly, the Court does not find that Mr. Farraj's health condition is outside of the "heartland" of cases

the Sentencing Commission contemplated when drafting the sentencing guidelines.

Turning to the second ground for departure asserted by Mr. Farraj, under § 5K2.20, a downward departure may be warranted in an extraordinary case if the defendant's criminal conduct constituted "aberrant behavior." A court may consider factors such as a defendant's "(a) mental and emotional conditions; (b) employment record; (c) record of prior good works; (d) motivation for committing the offense; and (e) efforts to mitigate the offense." Notes to § 5K2.20 of the U.S.S.G. In addition, a court may order a downward departure if the conduct was "a short-lived departure from an otherwise law-abiding life." *Zecevic v. United States Parole Commission*, 163 F.3d 731, 735 (2d Cir.1998). Here, it appears that Mr. Farraj seeks departure based on the "short-lived departure" ground.

■ The Court is aware that Mr. Farraj's brother and co-defendant, Said Farraj, pled guilty to counts one, two and three of Indictment Number 01 CR 1200 and that Mr. Farraj's role in the offense was smaller than his brother's role. Nevertheless, Mr. Farraj's argument that his conduct was that of a mere "bagman" and was "spontaneous and seemingly thoughtless" fails. Mr. Farraj told the Federal Bureau of Investigation that Said Farraj first discussed the matter with him three weeks before his arrest. Thus, he participated in the conspiracy for a lengthy period of time. As evinced by the transcript of Mr. Farraj's conversation with the Federal Bureau of Investigation's special agent whom he met on july 21, 2000 in order to sell the *Falise* trial plan in exchange for $2 million dollars, he was aware of the precise details of the illegal transaction. Moreover, he discussed the effect his actions would have on the *Falise* litigation as well as the potential penal consequences

for himself and others. Accordingly, the Court finds that his conduct was not an "aberrant act" and therefore does not warrant a downward departure.

Neither independent ground asserted by Mr. Farraj warrants a downward departure. The Court finds that even considering the two grounds together, as discussed by the Sentencing Commission under § 5K2.0, Mr. Farraj's case remains within the "heartland" of the United States Sentencing Guidelines and does not warrant downward departure.